JUSTICE RICE
concurring in part and dissenting in part.
¶53 I concur with the Court’s holding that the District Court did not abuse its discretion in denying Freshment’s motion to sever the charges against him and hold separate trials.
¶54 I also concur with the result the Court has reached in reversing Freshment’s conviction based upon the denial to his challenge for cause, albeit only for prospective juror Porter. In response to a question about being able to acquit the defendant if there was a reasonable belief that the defendant could have understood the victim to be old enough to consent, Ms. Porter gave an explanation that concluded, “No, I’m-He’s the adult.” In follow-up questions from defense counsel, Ms. Porter stated no less than four times that she could not follow the law if it required her to acquit the defendant. Even under follow-up questioning from the prosecutor, Porter initially maintained that opinion, although she finally relented after additional follow-up questions were asked and indicated that she would follow the law. Ms. Porter’s answers indicate more than doubt about applying the *173 law; she asserted repeatedly that she would not. These answers form a sufficient basis to overcome the due deference we must give the trial court in ascertaining whether there was an abuse of discretion. I would find no abuse of discretion in the case of prospective juror Hansen, whose primary assertion was self-doubt regarding his ability to apply the law, but who ultimately agreed that he could do so.
¶55 I join Justice Trieweiler in dissenting from the Court’s application of the Van Kirk analysis herein, for the same reasons set forth in my dissent in State v. Good, 2002 MT 59, 309 Mont. 113, 43 P.3d 948.